**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5271**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

JEROME RICO EVANS, a/k/a Wank,

                 Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:10-cr-00013-F-1)

Submitted:  August 8, 2011          Decided:  September 7, 2011

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Rico Evans pled guilty pursuant to a plea agreement to possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 170 months in prison. Counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel states that there are no meritorious grounds for appeal, but nonetheless asserts that the district court imposed an unreasonable sentence because it failed to provide an individualized assessment of Evans' situation before imposing sentence. Evans filed a pro se supplemental brief, asserting that the: (i) Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA") should retroactively apply to his sentence; (ii) appellate waiver in his plea agreement does not bar an FSA-based challenge to his sentence, and (iii) district court erred when it classified him as a career offender. The Government moves to dismiss the appeal, asserting that Evans waived his right to appeal his sentence in his plea agreement.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Evans voluntarily and knowingly waived his right to appeal his

2

sentence. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Evans' plea agreement did not waive any claims Evans may have pertaining to his conviction or to his sentence on the grounds of prosecutorial misconduct or ineffective assistance of counsel. Evans raises no claims that fall outside the scope of his appellate waiver. Thus, we grant the Government's motion to dismiss in part and dismiss the claims raised by Evans in his Anders and pro se supplemental briefs.

Although we are charged under Anders with reviewing the record for unwaived error, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in

3

part.  This court requires that counsel inform Evans, in writing, of his right to petition the Supreme Court of the United States for further review.  If Evans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Evans.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4